IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00380–KMT

MICHAEL CONNOLLY, and
KELLY CONNOLLY,

    Plaintiffs,

v.

TOLL BROTHERS, INC.,

    Defendant.

---

## ORDER

---

This matter is before the court on "Petitioners' Motion to Strike Respondent's: (1) Response to Petitioners' Motion to Vacate Second Arbitration Award; and (2) Motion for Attorneys [sic] Fees and Costs Pursuant to Rule 11." (Doc. No. 15, filed May 13, 2015.) Petitioners' Motion to Strike argues that "Respondent's: (1) Response to Petitioners' Motion to Vacate Second Arbitration Award; and (2) Motion for Attorneys [sic] Fees and Costs Pursuant to Rule 11" (Doc. No. 11) is properly stricken because it is untimely and because it improperly includes a motion in a response.

At the outset, the court could deny Petitioners' Motion without prejudice for failure to comply with Local Rule 7.1(a)'s duty to confer. Local Rule 7.1(a) requires that a party filing a motion describe the "specific efforts to fulfill" the duty to confer or make reasonable good faith efforts to confer prior to filing a motion. D.C.COLO.LCivR 7.1(a). Here, Petitioners merely state that their attorney sent a written conferral notice to Respondent's counsel regarding the

motion and Respondent's counsel did not respond.  Petitioners fail to state when the "conferral notice" was sent or how long their counsel waited for a response from Respondent's counsel. Further, a single email, letter, or voicemail, without any follow-up, ordinarily does not constitute a good faith effort to confer.  *See Hoelzel v. First Select Corp.,* 214 F.R.D. 634, 636 (D. Colo. 2003).

Nevertheless, for the sake of judicial economy, the court elects to address the substance of Petitioners' Motion to Strike.  The court disagrees that Respondent's Response to Petitioners' Motion to Vacate Second Arbitration Award is untimely.  Petitioners' Motion to Vacate Second Arbitration Award was filed on April 6, 2015.  (Doc. No. 9.)  Pursuant to Local Rule 7.1(a) and Fed. R. Civ. P. 6(d), Respondent had 24 days, or through April 30, 2015, to file a response. D.C.COLO.LCivR 7.1(d) (unless the court orders otherwise, a responding party has 21 days after the date of service of a motion to file a response); Fed. R. Civ. P. 6(d) (when a party may or must act within a specified time after service, and service is made electronically under Fed. R. Civ. P. 5(b)(2)(E), three days are added after the period would otherwise expire).  Because Respondent's Response to Petitioners' Motion to Vacate was filed on April 29, 2015, it is timely.

The court does agree, however, that Defendant's Response to Petitioners' Motion to Vacate Second Arbitration Award is properly stricken to the extent it also includes a motion for attorney fees and costs under Rule 11.  Local Rule 7.1(d) provides that a motion shall not be included in a response or reply to the original motion.  D.C.COLO.LCivR 7.1(d).  As such, it was improper for Respondent to include a motion for attorney fees and costs in the same

filing as its Response to Petitioners' Motion to Vacate Second Arbitration Award. [1]

Therefore, it is

ORDERED that "Petitioners' Motion to Strike Respondent's: (1) Response to Petitioners' Motion to Vacate Second Arbitration Award; and (2) Motion for Attorneys [sic] Fees and Costs Pursuant to Rule 11" (Doc. No. 15, filed May 13, 2015) is GRANTED in part and DENIED in part. "Respondent's (1) Response to Petitioners' Motion to Vacate Second Arbitration Award; and (2) Motion for Attorneys [sic] Fees and Costs Pursuant to Rule 11" (Doc. No. 11) is STRICKEN to the extent it contains a motion for attorney fees. However, this filing will be considered by the court to the extent it constitutes a Response to Petitioners' Motion to Vacate Second Arbitration Award.

Dated May 14, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] While the deadline for Respondent to respond to Petitioners' Motion to Strike has not yet expired, the court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d). Here, Respondent's inclusion of a motion for attorney fees in its Response to Petitioners' Motion to Vacate is a clear-cut violation of Local Rule 7.1(d). Additionally, Respondent will not be prejudiced by this order as it has already moved for attorney fees and costs under Rule 11 in a separate motion. (*See* Doc. No. 10.)